**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GWENDOLYN HEISER | : | |
| 241 Washington Avenue | : | |
| Epharta, PA 17522 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| KC WAREHOUSE DEALS | : | |
| 55 New Street | : | |
| Epharta, PA 17522 | : | |
| | : | |
| Defendant | : | |

**CIVIL ACTION COMPLAINT**

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, Gwendolyn Heiser, (hereinafter "Plaintiff" or "Ms. Heiser") is an adult individual residing at the above address.

2.      Defendant, KC Warehouse Deals (hereinafter "Defendant" or "KC Warehouse Deals") is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

3.      At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4.      Ms. Heiser exhausted her administrative remedies pursuant to the Equal Employment Opportunity.  (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5.      This action is instituted pursuant to Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act and applicable federal law and state law.

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Ms. Heiser was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

8.      On or around July 13, 2018, KC Warehouse hired Ms. Heiser as a Processor.

9.      During her employment, Complainant was repeatedly subject to both a hostile work environment and sexual harassment, including quid pro quo sexual harassment at the hands (literally as well as figuratively) of the owner Mr. Aaron Redcay.

10.      Ms. Heiser complained about the sexual harassment to her superiors and the police.

11.      On or around October 31, 2019, Ms. Heiser complained to Defendant about the harassment.

12.      After making such complaints, Ms. Heiser was subject to further harassment and fired in retaliation.

13.      On or around December 21, 2019, Ms. Heiser informed Defendant of her intent to resign due to the harassment.

14.      Defendant asked Ms. Heiser to reconsider.

15.      On or around January 1, 2020, Ms. Heiser took a medical leave.

16.      On or around January 29, 2020, Ms. Heiser filed a police report about the sexual harassment.

2

17.     On February 4, 2020, Ms. Heiser's employment was terminated.

18.     Defendant allowed a rampant sexually hostile work environment to exist.

19.     Several female employees have been subjected to sexual harassment by Mr. Radkay during their employment with Defendant at the KC Warehouse.

20.     Mr. Redcay and the KC Warehouse Manager Robert Hostetter had knowledge of the sexually hostile work environment and the sexual harassment suffered by Ms. Heiser and other female employees, and allowed such behavior to continue unabated.

21.     As a direct and proximate result of Defendant's conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages and earnings, as well as emotional distress, humiliation, pain and suffering, personal injury damages and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**SEX DISCRIMINATION**
**(42 U.S.C.A. § 2000e-2(a))**

22.     Ms. Heiser incorporates the preceding paragraphs as if fully set forth at length herein.

23.     Ms. Heiser's status as a female places her in a protected class.

24.     Mr. Heiser's membership in a protected class was a motivating factor in Defendant's decision to discriminate against Ms. Heiser and terminate her employment.

25.     As such, Defendant's decision to discriminate and to terminate Ms. Heiser's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

26.     Based on the foregoing, Ms. Heiser alleges that Defendant violated Title VII by taking an adverse employment action against her due to her being the victim of sexual harassment.

27.     As a proximate result of Defendant's conduct, Ms. Heiser sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Ms. Heiser has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

28.     As a result of the conduct of Defendant's owners/management, Ms. Heiser hereby demands punitive damages.

29.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq., Ms. Heiser demands attorneys' fees and court costs.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## RETALIATION
## (42 U.S.C.A. § 2000e-3(a))

30.     Plaintiff hereby incorporates by reference each and every paragraph above as if the same were set forth more fully at length herein.

31.     At set forth above, Plaintiff complained about the sexual harassment and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

32.     Defendant took adverse action against Plaintiff by terminating her employment.

33.     As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

4

34.     As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

35.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

36.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

37.     Pursuant to the Civil Rights Act of 1964, §704(a), 42 U.S.C.  §2000e-3(a), *et seq*., Plaintiff demands attorneys' fees and court costs.


**COUNT III**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**HOSTILE WORK ENVIRONMENT**
**(P.S. §951, et sec)**

38.     Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

39.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on her gender.

40.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

41.     Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

42.     As described above, Plaintiff, in the course and scope of her employment, was subjected to a harassing and hostile work environment and had to self-terminate from employment due to said hostile work environment.

43.     Defendants failed to remedy the harassment despite actual or constructive knowledge.

44.     Defendants' conduct constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

45.     Defendant is the owner of Defendant's establishment and Plaintiff's place of employment and is therefore liable in damages to Plaintiff for sexual harassment.

46.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

47.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

48.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorney's fees and court costs.

## COUNT IV
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

6

49.     Plaintiff incorporates all the preceding paragraphs as if they were set forth at length herein.

50.     Based on the foregoing, Plaintiff alleges that Defendant violated the Pennsylvania Human Relations Act ("PHRA") by subjecting her to discrimination on the basis of sex.

51.     Plaintiff further alleges that Defendant violated the PHRA by retaliating against Plaintiff for her making complaints of sexual harassment and discrimination.

52.     Defendant's conduct caused Plaintiff to sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

53.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

54.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* Plaintiff demands attorneys' fees and court costs.

### COUNT V
### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### RETALIATION
### (43 P.S. § 955)

55.     Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. As set forth above, Plaintiff complained to her supervisor regarding disparate treatment and sexual harassment and as such, Plaintiff was engaged in protected activity under the Pennsylvania Human Relations Act.

57. Defendant took adverse action against Plaintiff by subjected her to continued adverse employment action, harassment, forcing her to consider terminating her employment and then by terminating her employment.

58. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendant's decision to terminate her employment.

59. As such, Defendant's decision to terminate Ms. Heiser's employment is a retaliatory action prohibited by the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

60. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

61. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorney's fees and court costs.

**WHEREFORE,** Plaintiff, Gwendolyn Heiser, demands judgment in her favor and against Defendant, KC Warehouse Deals, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, mental and emotional

distress, pain and suffering

B.  Punitive damages;

C.  Attorneys' fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.


**LAW OFFICES OF ERIC A. SHORE, P.C.**


BY: ___/s/Mary LeMieux-Fillery, Esq._

**MARY LEMIEUX-FILLERY, ESQUIRE** (PA I.D. 312785)
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Ph: 267-546-0132
Fx: 215-944-6124
_Attorney for Plaintiff, Gwendolyn Heiser_

Date: 12/19/2022

9

**VERIFICATION**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S. § 4904, relating to unsworn falsification to authorities.

12/19/2022
_____
(Date Signed)

_____
Gwendolyn Heiser

10